UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| AYANNA FISHER-LOMAX | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 2:13cv218 |
| | ) |
| KOHL'S DEPARTMENT STORES, INC., | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court on "Objections to the Findings, Report, and Recommendation of United States Magistrate Judge", filed by the defendant, Kohl's Department Stores, Inc. ("Kohl's"), on May 29, 2014. The Plaintiff, Ayanna Fisher-Lomax, has declined to file a response. For the following reasons, the court denies Kohl's objections and adopts the Report and Recommendation.

Discussion

Fisher-Lomax sued Kohl's for negligence after falling down the escalator stairs at Kohl's Southlake Mall store. The following procedural history was narrated in the Report and Recommendation. Fisher-Lomax filed her Complaint in Lake County, Indiana, Superior Court on April 9, 2013. Kohl's removed the case to the United States District Court for the Northern District of Indiana on June 20, 2013. Kohl's represents that it served Fisher-Lomax with Interrogatories and Requests for Production on September 27, 2013.

Fisher-Lomax did not serve Kohl's with responses within the thirty-day window provided for by Federal Rules of Civil Procedure 33(b)(2) and 34(b)(2)(A). Defense counsel then contacted Fisher-Lomax's attorney, and the parties agreed to extend the deadline by seven days for Fisher-Lomax to serve her responses. This new deadline passed without Fisher-Lomax taking

any action.

On December 13, 2013, Kohl's filed a Motion to Compel. Fisher-Lomax did not respond to this motion, but she did serve Kohl's with responses to the discovery requests on December 27, 2013. The parties did not notify the Court of this development, and the Court, noting that Fisher-Lomax had not filed a response brief, granted the Motion to Compel on January 8, 2014, ordering Fisher-Lomax to respond to Kohl's's written discovery requests. Unsatisfied with the responses it received on December 27, 2013, Kohl's filed a motion for sanctions and dismissal, which requests sanctions against Fisher-Lomax under Federal Rules of Civil Procedure 37(b) and 41(b), contending that Fisher-Lomax failed to comply with this Court's January 8, 2014 Order on the Motion to Compel.

In his Report and Recommendation, the Magistrate Judge noted that sanctions are only available when a party has failed to obey a Court's order and, since Fisher-Lomax filed her responses before this Court granted the Motion to Compel, she could not be found in violation of the order and sanctions could not issue. The Magistrate Judge further instructed Kohl's that if it desired more complete answers to its written discovery, the proper remedy would be for it to file an additional motion to compel.

In its objection to the Report and Recommendation, Kohl's argues, essentially, that Fisher-Lomax was in violation of the Order at the time it was issued because the discovery responses she submitted were, in Kohl's opinion, deficient at that time. Kohl's also notes that, to date, no supplemental responses have been furnished to Kohl's.

Kohl's claims that Fisher-Lomax has willfully and/or blamefully violated this court's order by failing to provide complete and non-evasive written discovery. As its first example of

2

Fisher-Lomax's allegedly egregious behavior, Kohl's refers to Interrogatory No. 2 which asked:

> Please describe the subject incident in complete chronological detail, stating everything that you did and everything that happened to you: (a) from the time one (1) hour prior to the subject incident, up to and including the time of the subject incident, including, without limitation, the time you arrived at the premises (in hours and minutes), your purpose for being at the premises on such date and at such time, and (b) from the time of the subject incident until you received medical treatment.

Fisher-Lomax responded as follows:

> I was at work and went to Kohl's on my lunch hour. I was just looking around and decided to purchase some items. After the incident, I returned to work, in pain, due to recent new court administration. I was in fear of losing my job if I did not return from my lunch hour at the designated time.

Kohl's objects to this answer claiming that it is "wholly unresponsive". What Kohl's fails to acknowledge is that it asked a rather confusing, convoluted question. While Kohl's may have been hoping Fisher-Lomax would write a book detailing her experience at Kohl's on her lunch hour, the court does not find the answer Kohl's received to be worthy of the drastic sanction of dismissal. Kohl's counsel may, as the Magistrate Judge suggested, file a motion to compel. Kohl's counsel could also simply ask the appropriate questions in a deposition or in follow-up, <u>clearly-written</u> interrogatories and thereby flesh out any details it feels are so sorely lacking from Fisher-Lomax's answer.

Kohl's objects to the answers to nearly every interrogatory propounded to Fisher-Lomax. Kohl's counsel's dives to the depths of lawyer-ese in crafting Interrogatory No. 12:

> Please describe in detail, to the best of your ability, the circumstances involved in the subject incident, to include, without limitation: (a) the distance between the steps on the premises; (b) the direction in which you were traveling at the time of the subject incident; (c) the number of steps on the premises; (d) which part or section of the premises contributed to the subject incident; (e) the approximate distance of the your [sic] fall; (f) the condition of the premises at the time of the subject incident; (g) if any other persons were on the premises at the time of the

subject incident, those persons' approximate location in relation to you; (h) any
other activities in which you might have been engaged during the alleged
incident.

Fisher-Lomax, who somehow managed to struggle to the surface for air before blacking out, provided the following clear and succinct answer:

I was going downward on the escalator when I fell. There was an elderly lady in front of me and when I fell, I almost knocked her down.

Kohl's objects to this answer, complaining that:

Said Answer fails to describe the distance between the steps, the number of steps, the distance of the alleged fall or the condition of the premises at the time of the incident.

Fisher-Lomax's alleged accident took place on an escalator. Exactly how Kohl's expects her to know the distance between the steps is beyond all understanding. Likewise, it seems odd for Kohl's to be asking Fisher-Lomax how many stairs are on an escalator in Kohl's store. Even if Fisher-Lomax were to guess as to the number of stairs, it would be inadmissible evidence. It seems apparent that Fisher-Lomax, a layperson, answered the question as fully and simply as one would expect. For Kohl's to request this court to impose the drastic sanction of dismissal with prejudice in this case is nearly unconscionable.

This court agrees with the Magistrate Judge that Fisher-Lomax could not be in violation of an Order that was entered after she submitted her responses. Additionally, even if the Order had been entered prior to the submission of the responses, the court fails to find any sanctionable conduct on the part of Fisher-Lomax.

Accordingly, the court will adopt the Report and Recommendation.

## Conclusion

On the basis of the foregoing, Kohl's objection to the Magistrate Judge's Report and

subject incident, those persons' approximate location in relation to you; (h) any
other activities in which you might have been engaged during the alleged
incident.

Fisher-Lomax, who somehow managed to struggle to the surface for air before blacking out, provided the following clear and succinct answer:

I was going downward on the escalator when I fell. There was an elderly lady in front of me and when I fell, I almost knocked her down.

Kohl's objects to this answer, complaining that:

Said Answer fails to describe the distance between the steps, the number of steps, the distance of the alleged fall or the condition of the premises at the time of the incident.

Fisher-Lomax's alleged accident took place on an escalator. Exactly how Kohl's expects her to know the distance between the steps is beyond all understanding. Likewise, it seems odd for Kohl's to be asking Fisher-Lomax how many stairs are on an escalator in Kohl's store. Even if Fisher-Lomax were to guess as to the number of stairs, it would be inadmissible evidence. It seems apparent that Fisher-Lomax, a layperson, answered the question as fully and simply as one would expect. For Kohl's to request this court to impose the drastic sanction of dismissal with prejudice in this case is nearly unconscionable.

This court agrees with the Magistrate Judge that Fisher-Lomax could not be in violation of an Order that was entered after she submitted her responses. Additionally, even if the Order had been entered prior to the submission of the responses, the court fails to find any sanctionable conduct on the part of Fisher-Lomax.

Accordingly, the court will adopt the Report and Recommendation.

## Conclusion

On the basis of the foregoing, Kohl's objection to the Magistrate Judge's Report and

Recommendation [DE 23] is hereby DENIED. Further, the court adopts the Report and

Recommendation [DE 22], which denied Kohl's motion for sanctions and dismissal [DE 17].

Entered: August 25, 2014.

                                              s/ William C. Lee  
                                              William C. Lee, Judge  
                                              United States District Court